[Cite as *State v. Iseman*, 2013-Ohio-460.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| PHILIP ISEMAN | : | Case No. 12CA26 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Case No. 2011CR730D


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      February 8, 2013


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

JOHN C. NIEFT      CYNTHIA LOWENKAMP
38 South Park Street      598 Dirlam Lane
Mansfield, OH 44902      Mansfield, OH 44904

*Farmer, J.*

{¶1} On November 10, 2011, the Richland County Grand Jury indicted appellant, Philip Iseman, on two counts of attempted burglary in violation of R.C. 2911.12 and R.C. 2923.02, and two counts of violating a protection order in violation of R.C. 2919.27. Said charges involved appellant's presence on the property of his estranged wife, Sarah Iseman. Ms. Iseman had obtained a civil protection order against appellant prior to the incident.

{¶2} Appellant pled guilty to a misdemeanor count of violating the protection order. The two felony counts for violating the protection order were dismissed. A jury trial on the two attempted burglary counts commenced on December 22, 2011. The jury found appellant guilty of one of the attempted burglary counts and not guilty of the other. By sentencing entry filed December 29, 2011, the trial court sentenced appellant to one year in prison.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

II

{¶5} "INSUFFICIENT EVIDENCE."

III

{¶6} "VIOLATION OF DUE PROCESS OF LAW."

IV

{¶7}   "JURY INSTRUCTIONS: THE COURT GAVE JURY INSTRUCTIONS FOR ATTEMPT, BURGLARY AND/OR ATTEMPTED TRESPASS BURGLARY."

V

{¶8}   "JURY VERDICT FORM AND SENTENCING ENTRY."

VI

{¶9}   "REFUSAL OF COURT TO PROVIDE JURORS WITH REQUESTED EVIDENCE."

VII

{¶10}  "INEFFECTIVE ASSISTANCE OF COUNSEL."

I, II, III

{¶11} Appellant claims his conviction for attempted burglary was against the sufficiency and manifest weight of the evidence.  We disagree.

{¶12}  On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction.  *State v. Jenks,* 61 Ohio St.3d 259 (1991).  "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979).  On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and

a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172 (1983), 175. See also, *State v. Thompkins,* 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶13} Appellant was charged with two counts of attempted burglary in violation of R.C. 2911.12(A)(1) or (2) and (B) which state the following:

(A) No person, by force, stealth, or deception, shall do any of the following:

(1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense;

(2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense;

(B) No person, by force, stealth, or deception, shall trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.

{¶14} Appellant was convicted of attempting to commit subsection (B). Attempt is defined in R.C. 2923.02(A) as, "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."

{¶15} Nathan Thompson, Ms. Iseman's ex-husband, was living in Ms. Iseman's home because she was "very scared for herself and for her children." T. at 138. On October 10, 2011, Mr. Thompson observed appellant, Ms. Iseman's estranged husband, walking around the yard. T. at 140-141. Mr. Thompson kept moving from window to window to monitor appellant's whereabouts. When Mr. Thompson returned to the kitchen, he observed appellant with "his head pressed up against the window looking around inside the house." T. at 143. Appellant then attempted to lift the window to gain access. *Id.* Mr. Thompson walked over to the window and appellant took off and jumped over the backyard fence. *Id.* Later, it was discovered the fence had been damaged on that day. T. at 146-147, 200; State's Exhibit 4C. Pursuant to a civil protection order issued to Ms. Iseman on October 6, 2011, appellant was prohibited from being within 500 feet of Ms. Iseman and/or her house. T. at 196-197; State's Exhibit 7.

{¶16} Appellant was aware of the civil protection order because on two occasions after its issuance, he removed his belongings from Ms. Iseman's residence while he was accompanied by the police. T. at 198. When confronted by Officer Jon VanHouten with the accusation that he had been at Ms. Iseman's home on October 10, 2011, appellant denied it and stated he had been at the Brad Hoffman residence all night. T. at 173, 177-179. Mr. Hoffman corroborated the story. T. at 179. Appellant

then recanted to Chief Brett Pauly, claiming it was possible that he had been in the area of Ms. Iseman's residence on the day in question. T. at 221-222, 231-232; State's Exhibt 5C. At trial, Mr. Hoffman recanted his corroboration, claiming he made his original statements to Officer VanHouten because he felt threatened by appellant's "hyper" emotional state. T. at 244. Mr. Hoffman stated he had no knowledge of appellant being in his home during the time of the incident. T. at 247.

{¶17} The true inconsistencies are contained within appellant's recorded telephone conversation with Chief Pauly. At first he denied being anywhere near Ms. Iseman's residence and then back peddled when told his cell phone could possibly track his whereabouts. Tacitly he admitted it was "possible" he had been within 500 feet of Ms. Iseman's residence. T. at 220, 221-222, 231-232. Appellant admitted to knowing there was an attempt to open a window when no officers had told him of that fact. T. at 220, 228.

{¶18} Upon review, we find sufficient evidence to find appellant guilty of attempted burglary under R.C. 2911.12(B), no manifest miscarriage of justice, and no violations of due process of law.

{¶19} Assignments of Error I, II, and III are denied.

IV, V

{¶20} Appellant claims the trial court erred in the jury instructions and the verdict forms to the jury, and in the sentencing entry. We disagree.

{¶21} The giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Martens,* 90 Ohio App.3d 338 (3rd Dist. 1993). In order to find an abuse of discretion,

we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983). Jury instructions must be reviewed as a whole. *State v. Coleman,* 37 Ohio St.3d 286 (1988).

{¶22} We note objections to the jury charge or verdict forms were not made. An error not raised in the trial court must be plain error for an appellate court to reverse. *State v. Long,* 53 Ohio St.2d 91 (1978); Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *Long.* Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

{¶23} The trial court charged the jury with "attempted trespass burglary" as a lesser-included offense of attempted burglary. T. at 298. As cited above, appellant was indicted on two counts of attempted burglary in violation of R.C. 2911.12(A)(1) or (2) and (B) and R.C. 2923.02(A). The jury charge given by the trial court and labeled "attempted trespass burglary" was the R.C. 2911.12(B) count. The factor that makes it a "lesser included offense" is the lack of proof that appellant's actions were for the purpose of committing a crime. A violation of this subsection is a felony in the fourth degree whereas a violation of subsection (A)(1) or (2) is a felony in the second degree. R.C. 2911.12(D) and (E).

{¶24} Upon review, we do not find plain error in the trial court's jury instructions or verdict forms to the jury, and in the sentencing entry.

{¶25} Assignments of Error IV and V are denied.

VI

{¶26} Appellant claims the trial court erred in refusing to provide jurors with requested evidence. We disagree.

{¶27} The admission or exclusion of evidence lies in the trial court's sound discretion. *State v. Sage,* 31 Ohio St.3d 173 (1987); *Blakemore.*

{¶28} During trial, Mr. Thompson's handwritten statement (Defendant's Exhibit A) was presented by defense counsel and portions of the statement were read into the record (T. at 154):

THE COURT: Why don't you go ahead and read the statement to him and ask him if that is accurate.

Q. Now, Mr. Thompson, I will ask you if this is what you wrote: "Was looking out the window and happened to see somebody standing at the corner of the property. He walked this way, and I noticed it was Phil Iseman. He went behind the shed, and I didn't see him until he jumped over the fence and walked up to the window and trying to open it. And I walked up to the window, and he seen me and took off running back over the fence, and I didn't see him again."

Now, that's not exactly what you just told us, is it?

A. No, it's not.

{¶29} The trial court denied the admission of the handwritten statement. T. at 328. No objection was made. *Id.*

{¶30} After the commencement of deliberations, the jury requested the statement and the court reporter's transcript. T. at 329. The trial court explained the statement was read into evidence by defense counsel, but the statement was not admitted into evidence. *Id.* The trial court denied the jury's request for the statement and a written transcript of the testimony. *Id.* Again, no objection was made, so this issue will be reviewed under a plain error standard. *Long, supra.*

{¶31} Generally speaking, rereading specific parts of the testimony after the fact is not commonly accepted as it puts undue emphasis on one statement over the others. We concur with the trial court's decision because the handwritten statement was not part of the evidence.

{¶32} Appellant further argues the trial court erred in denying the statement's admission under Evid.R. 613(B) which states the following:

> **(A) Examining witness concerning prior statement.** In examining a witness concerning a prior statement made by the witness, whether written or not, the statement need not be shown nor its contents disclosed to the witness at that time, but on request the same shall be shown or disclosed to opposing counsel.
>
> **(B) Extrinsic evidence of prior inconsistent statement of witness.** Extrinsic evidence of a prior inconsistent statement by a witness is admissible if both of the following apply:
>
> (1) If the statement is offered solely for the purpose of impeaching the witness, the witness is afforded a prior opportunity to explain or deny

the statement and the opposite party is afforded an opportunity to interrogate the witness on the statement or the interests of justice otherwise require;

(2) The subject matter of the statement is one of the following:

(a) A fact that is of consequence to the determination of the action other than the credibility of a witness;

(b) A fact that may be shown by extrinsic evidence under Evid.R. 608(A), 609, 616(A), or 616(B);

(c) A fact that may be shown by extrinsic evidence under the common law of impeachment if not in conflict with the Rules of Evidence.

{¶33} Although the statement may have qualified under Evid.R. 613(B)(1), it did not meet any of the requirements of subsection (B)(2). Further, once the statement was read into the record and Mr. Thompson admitted that that was what he had written, the admission of the statement would have been redundant.

{¶34} Assignment of Error VI is denied.

VII

{¶35} Appellant claims he was denied the effective assistance of counsel. We disagree.

{¶36} The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus. Appellant must establish the following:

2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶37} Appellant argues his trial counsel was deficient in stipulating to the civil protection order. The protection order was admitted as an exhibit (State's Exhibit 7). It was further identified by Ms. Iseman, the petitioner of the protection order. On the face of the exhibit is the personal service date of the order which was prior to the date of the incident sub judice.

{¶38} Given the fact that the civil protection order was admitted into evidence, we do not find any deficiency by trial counsel in stipulating to the protection order.

{¶39} Assignment of Error VII is denied.

{¶40}  The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Hoffman, J. concur.


s/ Sheila G. Farmer_____


s/ Patricia A. Delaney_____


_s/ William B. Hoffman_____

JUDGES

SGF/sg 109

[Cite as *State v. Iseman*, 2013-Ohio-460.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| PHILIP ISEMAN | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12CA26 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

_s/ William B. Hoffman_____

JUDGES